**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

DANA MEADE, *et al.*                                                                    PLAINTIFF

v.                                      **Case No. 4:20-cv-00694-KGB**

ETHICON, INC., *et al.*                                                            DEFENDANTS

<u>**ORDER**</u>

Before the Court is a motion for partial summary judgment and a motion for leave to file supplemental motion for partial summary judgment filed by defendants Ethicon, Inc., Ethicon, LLC (collectively "Ethicon"), and Johnson & Johnson (Dkt. No. 35; 73).  Plaintiffs Dana Meade and Glen Meade filed a response to defendants' motion for partial summary judgment (Dkt. No. 42), but plaintiffs did not file a response to defendants' motion for leave to file supplemental motion for partial summary judgment.  For the following reasons, the Court grants defendants' motion for partial summary judgment and grants defendants' motion for leave to file supplemental motion for partial summary judgment (Dkt. Nos. 35; 73).

I.       **Background**

        A.       **Procedural History**

Plaintiffs filed suit in this case against defendants on September 27, 2013 (Dkt. No. 1). This case was originally filed in the United States District Court for the Southern District of West Virginia and was related to Multi-District Litigation 2327 ("Ethicon MDL"), 2:12-md-2327, one of seven MDLs assigned to United States District Judge Joseph R. Goodwin by the Judicial Panel on Multidistrict Litigation and totaling over 100,000 cases since inception (Dkt. Nos. 1; 48, at 1; 49-1).  The Ethicon MDL includes as plaintiffs women who had one or more of defendants' pelvic mesh products inserted into their bodies to treat medical conditions, primarily pelvic organ

prolapse and stress urinary incontinence (Dkt. No. 49-1, ¶ 1).  Plaintiffs to the Ethicon MDL also include the spouses and intimate partners of the aforesaid women, as well as others with standing to file claims arising from defendants' products (*Id.*, ¶ 2).  Plaintiffs filed suit directly in the Ethicon MDL on September 27, 2013, but served Ethicon on June 7, 2013, pursuant to a delayed filing agreement (Dkt. Nos. 1; 2).  On May 14, 2020, Judge Goodwin entered a transfer order transferring 35 cases from the Ethicon MDL to various appropriate jurisdictions (Dkt. No. 48).  Judge Goodwin concluded that transferring these 35 cases to the venues from which they arose would better convenience the parties and promote the final resolution of these cases (*Id.*, at 1).  As a result, Judge Goodwin transferred the Meades' case to this Court (*Id.*, at 4).

On July 7, 2020, this Court entered an Order directing the parties to confer and, within 21 days from the entry of that Order, file a status report with the Court, either separately or jointly, regarding how the Court should proceed with the case and whether the parties believe the pending motions are ripe and ready for adjudication (Dkt. No. 79).  On July 28, 2020, the parties submitted a joint status report that accorded with the terms of the Court's July 7, 2020, Order (Dkt. No. 85).

### B.    Factual Background

Ms. Meade had a pelvic mesh product called a TVT-Obturator ("TVT-O") implanted on August 14, 2012, to treat stress urinary incontinence, cystocele, and rectocele by Charles McKnight, M.D., in Little Rock, Arkansas (Dkt. Nos. 1, ¶¶ 8-12; 35-1, at 4).  Ms. Meade had the TVT-O partially removed on November 27, 2012, by Robert Summit, M.D., at Baptist Memorial Hospital for Women in Memphis, Tennessee, and Ms. Meade had an additional portion of the TVT-O removed on November 7, 2014, by Dionysios Veronikis, M.D., at Mercy Hospital St. Louis (Dkt. No. 35-1, at 5).  Plaintiffs allege that Ms. Meade suffered a variety of bodily injuries resulting from the implantation of the TVT-O, including:  exposed sling mesh; pelvic pain; vaginal

mesh erosion; dyspareunia; bladder lesion; bladder mesh erosion; infection; urinary urgency/frequency; recurrent incontinence; bowel problems; organ perforation; fistulae; bleeding; neuromuscular problems; vaginal scarring; hematuria; bladder spasms; dysuria; urinary tract infection; and cystitis (*Id.*).  Plaintiffs claim that Ms. Meade started experiencing symptoms attributable to the TVT-O in August 2012, but Ms. Meade did not associate those symptoms with the TVT-O until November 2012 (*Id.*, at 6).

Ms. Meade testified that she did not see any brochures related to the TVT-O prior to implantation (Dkt. No. 36, at 2).  Ms. Meade also testified that she did not rely on any statements or representations from Ethicon about the TVT-O before consenting to the implantation procedure (*Id.*, at 2-3).  Ms. Meade testified that she consented to the procedure based on her trust in Dr. McKnight (*Id.*, at 3).  Ms. Meade testified that she was unaware that Ethicon was the manufacturer of her TVT-O device prior to the implantation procedure (*Id.*).

Plaintiffs were residents of Arkansas at the time of Ms. Meade's implantation surgery and remained residents through July 2013 (*Id.*).  Plaintiffs subsequently moved to Punta Gorda, Florida, from July 2013 through August 2014 (*Id.*).  In August 2014, plaintiffs moved to Heber Springs, Arkansas (*Id.*).  Ms. Meade separated from Mr. Meade in March 2015, and the two subsequently divorced (*Id.*).  Ms. Meade moved to Florence, Alabama, in March 2015, and Ms. Meade moved again to Highlands, California, in March 2016 (*Id.*).

In their complaint, plaintiffs assert 18 counts against defendants:  Count I – Negligence; Count II – Strict Liability – Manufacturing Defect; Count III – Strict Liability – Failure to Warn; Count IV – Strict Liability – Defective Product; Count V – Strict Liability – Design Defect; Count VI – Common Law Fraud; Count VII – Fraudulent Concealment; Count VIII – Constructive Fraud; Count IX – Negligent Misrepresentation; Count X – Negligent Infliction of Emotional Distress;

Count XI – Breach of Express Warranty; Count XII – Breach of Implied Warranty; Count XIII – Violation of Consumer Protection Laws; Count XIV – Gross Negligence; Count XV – Unjust Enrichment; Count XVI – Loss of Consortium; Count XVII – Punitive Damages; and Count XVIII – Discovery Rule and Tolling (Dkt. No. 1, ¶ 13).

## II.      Legal Standard

Summary judgment is proper if there is no genuine issue of material fact for trial. *UnitedHealth Group Inc. v. Executive Risk Specialty Ins. Co.*, 870 F.3d 856, 861 (8th Cir. 2017) (citing Fed. R. Civ. P. 56).  Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the defendant is entitled to entry of judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "In ruling on a motion for summary judgment '[t]he district court must base the determination regarding the presence or absence of a material issue of factual dispute on evidence that will be admissible at trial.'"  *Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917, 923 (8th Cir. 2004) (internal citations omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  *Johnson Regional Medical Ctr. v. Halterman*, 867 F.3d 1013, 1016 (8th Cir. 2017) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party.  *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008).  "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under the prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).

However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings.  *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984).  The initial

burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008), *cert. denied*, 522 U.S. 1048 (1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

###   III.    Motion For Partial Summary Judgment

In defendants' motion for partial summary judgment, defendants move for summary judgment on the following claims asserted by plaintiffs: Count I – Negligence (to the extent based on negligent manufacturing defect); Count II – Strict Liability – Manufacturing Defect; Count IV – Strict Liability – Defective Product; Count VI – Common Law Fraud; Count VII – Fraudulent Concealment; Count VIII – Constructive Fraud; Count IX – Negligent Misrepresentation; Count X – Negligent Infliction of Emotional Distress; Count XI – Breach of Express Warranty; Count XII – Breach of Implied Warranty; Count XIII – Violation of Consumer Protection Laws; Count XIV – Gross Negligence; Count XV – Unjust Enrichment; and Count XVI – Loss of Consortium[1] (Dkt. No. 35, at 1). Defendants assert that they are entitled to judgment as a matter of law on these claims for one or more of the following reasons: (1) the claims are not recognized as independent causes of action under Arkansas law; (2) the claims are duplicative of plaintiffs' failure-to-warn claims; and (3) plaintiffs otherwise cannot establish the requisite elements of their claims (*Id.*, at 1-2).

---

[1] At Ms. Meade's deposition, plaintiffs' counsel agreed that Mr. Meade's loss of consortium claim would be dismissed (Dkt. Nos. 35-1, at 35; 36, at 3). Accordingly, the Court considers Mr. Meade's loss of consortium claim dismissed.

In response, plaintiffs note that defendants' motion does not present arguments with respect to many of their claims, including the following claims:   Count I – Negligence (apart from negligent manufacturing defect); Count III – Strict Liability – Failure to Warn; and Count V – Strict Liability – Design Defect (Dkt. No. 42, at 1).   Because defendants' motion for partial summary judgment does not address these claims, plaintiffs maintain that this motion is not dispositive of their case in its entirety (*Id.*).   As a result, plaintiffs do not oppose defendants' motion for partial summary judgment as it concerns the following claims:   Count II – Strict Liability – Manufacturing Defect; Count IV – Strict Liability – Defective Product; Count VI – Common Law Fraud; Count VII – Fraudulent Concealment; Count VIII – Constructive Fraud; Count IX – Negligent Misrepresentation; Count X – Negligent Infliction of Emotional Distress; Count XI – Breach of Express Warranty; Count XII – Breach of Implied Warranty; Count XIII – Violation of Consumer Protection Laws; Count XIV – Gross Negligence; Count XV – Unjust Enrichment (*Id.*, at 1-2).

Additionally, the parties state in their joint status report that, "[b]ased upon Plaintiffs' abandonment of the claims asserted in Ethicon's motion, the Court should dismiss those claims with prejudice" (Dkt. No. 85, at 7-8).   The parties further suggest that they jointly file a stipulation of dismissal with prejudice of those claims (*Id.*, at 8).

Accordingly, the Court grants defendants' motion for partial summary judgment as it relates to the following claims:   Count I – Negligence (to the extent based on negligent manufacturing defect); Count II – Strict Liability – Manufacturing Defect; Count IV – Strict Liability – Defective Product; Count VI – Common Law Fraud; Count VII – Fraudulent Concealment; Count VIII – Constructive Fraud; Count IX – Negligent Misrepresentation; Count X – Negligent Infliction of Emotional Distress; Count XI – Breach of Express Warranty; Count

XII – Breach of Implied Warranty; Count XIII – Violation of Consumer Protection Laws; Count

XIV – Gross Negligence; and Count XV – Unjust Enrichment (Dkt. No. 35, at 1).

### IV.    Motion For Leave To File Supplemental Motion For Partial Summary Judgment

Defendants did not seek dismissal of plaintiffs' failure to warn claims—Count I, in part,

and Count III—at the time they filed their initial motion for partial summary judgment (Dkt. No.

73, ¶ 3).  However, defendants now seek leave to file a supplemental motion for partial summary

judgment arguing that plaintiffs' design defect claims should be dismissed (*Id.*).  Defendants argue

that as a matter of law plaintiffs cannot establish their design defect claims because Ms. Meade's

implanting surgeon is deceased and Ms. Meade did not procure testimony from her implanting

surgeon before he died (*Id.*, ¶ 4).  Defendants maintain, therefore, that plaintiffs cannot show that

any alleged deficiencies in Ethicon's warnings proximately caused Ms. Meade to sustain any harm

(*Id.*).  Defendants have provided as exhibits a proposed supplemental motion for summary

judgment, supplemental statement of undisputed material facts, and brief in support of

supplemental motion for summary judgment (Dkt. Nos. 73-1; 73-2; 73-3).  Plaintiffs have not filed

a response to this motion, and the time to file a response has passed.  Additionally, in the parties'

joint status report, the parties indicate that this motion is ready for adjudication (Dkt. No. 85, at 8).

For good cause shown, the Court grants defendants' motion for leave to file supplemental motion

for partial summary judgment (Dkt. No. 73).  The Court directs defendants to file their motion for

partial summary judgment, supplemental statement of undisputed material facts, and brief in

support of supplemental motion for summary judgment within 14 days of the entry of this Order.

### V.    Conclusion

For the above reasons, the Court grants defendants' motion for partial summary judgment

(Dkt. No. 35).  The Court dismisses the following claims raised by plaintiffs:  Count I – Negligence

(to the extent based on negligent manufacturing defect); Count II – Strict Liability – Manufacturing Defect; Count IV – Strict Liability – Defective Product; Count VI – Common Law Fraud; Count VII – Fraudulent Concealment; Count VIII – Constructive Fraud; Count IX – Negligent Misrepresentation; Count X – Negligent Infliction of Emotional Distress; Count XI – Breach of Express Warranty; Count XII – Breach of Implied Warranty; Count XIII – Violation of Consumer Protection Laws; Count XIV – Gross Negligence; Count XV – Unjust Enrichment; and Count XVI – Loss of Consortium (Dkt. No. 1).  At this time, plaintiffs may still proceed with the following claims:  Count I – Negligence (apart from negligent manufacturing defect); Count III – Strict Liability – Failure to Warn; and Count V – Strict Liability – Design Defect (*Id.*).  Additionally, the Court grants defendants' motion for leave to file supplemental motion for partial summary judgment (Dkt. No. 73).  The Court directs defendants to file their motion for partial summary judgment, supplemental statement of undisputed material facts, and brief in support of supplemental motion for summary judgment within 14 days of the entry of this Order.

It is so ordered this 2nd day of November, 2020.

Kristine G. Baker
United States District Judge